UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Anthony Gene Trappier, # 17041-171, | ) C/A No. 5:14-1885-TLW-KDW |
| | ) |
| Petitioner, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| Warden, FCI Williamsburg, | ) |
| | ) |
| Respondent. | ) |
| | ) |

A Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 was submitted to the court by a federal prison inmate appearing pro se. Pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court. *See* 28 U.S.C. §§ 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.    Factual and Procedural Background

Anthony Gene Trappier ("Petitioner") is a federal prisoner convicted of drug trafficking-related crimes in this court on March 24, 2010. *United States v. Trappier*, No. 4:09-cr-340-TLW (D.S.C.). He is currently serving a sentence totaling 322 months at FCI-Williamsburg, in Salters, South Carolina. *Id*. at ECF No. 103. His federal sentence was entered on August 31, 2010; his convictions and sentence were affirmed in September 2011 by the Fourth Circuit Court of Appeals on direct appeal, *United States v. Trappier*, 447 F. App'x 463 (4th Cir. 2011); and his initial Motion to Vacate pursuant to 28 U.S.C. § 2255 is currently pending before this court. *Id*. at ECF Nos. 140, 148. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d

1236, 1239 (4th Cir. 1989) ("'[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records.'").

The § 2254 Petition under review in this case seeks to challenge a state court conviction for driving under suspension, second offense ("DUS 2d"), entered by the Horry County Magistrate's Court on March 28, 2011, while Petitioner was in federal custody serving his federal sentence. Pet. 1, ECF No. 1. In the Memorandum submitted in support of his Petition, Petitioner alleges that he was not present at the hearing in Horry County Magistrate's Court, but that an attorney who was representing him on the federal charges and some other state charges at the time appeared, allegedly on Petitioner's behalf, and entered a guilty plea for Petitioner in exchange for a sentence of "time served" and no fine. ECF No. 1-1 at 6-7. Petitioner alleges that he submitted a notice of appeal to the Horry County Clerk of Court for filing with the Court of Common Pleas, but he was again not transported from his federal prison for the hearing and the appeal was dismissed for "failure to prosecute" on September 7, 2011. Pet. 2, ECF No. 1. Petitioner states that he filed a notice of appeal from the Common Pleas Courts' dismissal with the Horry County Clerk of Court on September 29, 2011, and that he waited for nearly two years to hear something about the appeal, but he found out on or around October 23, 2013 that the notice was never transmitted to the South Carolina Court of Appeals. ECF No. 1-1 at 11. In his Answers to the Court's Special Interrogatories, Petitioner acknowledges that he never filed a post-conviction relief application in Horry County to challenge the DUS 2d conviction or to seek a belated direct appeal from that conviction and that there are no state court actions challenging the conviction currently pending. ECF No. 13.

Petitioner contends that his constitutional rights were violated when the Horry County Magistrate's Court failed to issue a transportation order to federal prison officials so that he

could attend the hearing on his DUS 2d charge and when the Magistrate Judge accepted the attorney's guilty plea in his absence. Pet. 1-2, ECF No. 1. He also alleges that he is "actually innocent" of the DUS 2d charge and that he was subjected to a "miscarriage of justice" when he was convicted by the magistrate court—both when his initial appeal was dismissed in his absence by the Court of Common Pleas and when the Horry County Clerk of Court did not submit his appeal from the Court of Common Pleas' dismissal to the South Carolina Court of Appeals. *Id.* at 12-13. Petitioner asks this court to disregard his lateness and lack of exhaustion of state remedies and to reverse the DUS 2d conviction and to order that certain seized property be returned to him. *Id.* at 13, 15.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review was made of the pro se Petition filed in this case. The review was conducted pursuant to the procedural provisions of 28 U.S.C. §§ 1915, 1915A, and the Anti-Terrorism and Effective Death Penalty Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

This court is required to construe pro se petitions liberally. Such pro se petitions are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se petition the petitioner's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Furthermore, this court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts; *see* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). Following the required initial review, it is recommended that the Petition submitted in this case should be summarily dismissed.

III.     Analysis

In order for the court to hear and decide a case, the court must have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree, *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951). It is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11 (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction, *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

This court does not have subject matter jurisdiction under § 2254 to consider Petitioner's challenges to his Horry County DUS 2d conviction because he is not in custody on that conviction. The United States Supreme Court has held that the essence of "habeas corpus" is an

4

attack by a person *in custody* upon the legality of that custody. The traditional function of the writ of habeas corpus is to secure the petitioner's release from illegal custody. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Furthermore, the habeas statute gives federal courts the authority to issue a writ only if the petitioner is in custody; therefore, there is a jurisdictional requirement "that the habeas petitioner be 'in custody' *under the conviction or sentence under attack* at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (emphasis added). As a result, when considering any petition seeking a writ of habeas corpus, a federal court is confronted with threshold question whether the petitioner is "in custody" on the judgment he or she seeks to challenge for purpose of establishing subject matter jurisdiction of court. *See* 28 U.S.C. § 2254(a); *Meck v. Commanding Officer, Valley Forge Gen. Hosp.*, 452 F.2d 758 (3d Cir. 1971); *see also* 28 U.S.C. § 2241(c); *Pringle v. Ct. of Common Pleas*, 744 F.2d 297, 300 (3d Cir. 1984) (an individual must be "in custody" in order to be eligible for federal habeas corpus relief).

In *Maleng v. Cook*, the Court held that the use of an existing state conviction to enhance the sentence on a subsequent conviction in another state did not mean that the petitioner was "in custody" on the prior state conviction used to enhance the sentence. Accordingly, the Court held that petitioner could not challenge the prior conviction's constitutionality through § 2254. *See* 490 U.S. at 492-93. Additionally, in *Wilson v. Flaherty*, the Fourth Circuit Court of Appeals found that the habeas statutes did not give the district court subject matter jurisdiction over challenges to a collateral consequence of a prior rape conviction when the petitioner had already fully served the sentence for the rape conviction and was no longer in custody for that conviction. 689 F.3d 332, 337-38 (4th Cir. 2012) (finding the requirement of sex-offender registration was a collateral consequence that did not, of itself, satisfy the custody requirement of

habeas action); *see also Owens v. Maryland*, 959 F.2d 231, *1 (4th Cir. 1992) (no § 2254 jurisdiction over challenges to a sentence that was fully served).

In this case, Petitioner's own allegations show that he was not in custody on the Horry County DUS 2d conviction at the time he submitted his Petition. He states that the conviction was entered in March 2011 at a time when he was in federal custody on the federal conviction and sentence he is still serving. Pet. 1, ECF No. 1. He also states that the sentence he was given on the conviction was "time served," *id.*, which shows that he was never in custody on that conviction from the time it was entered. As a result, Petitioner's remedy, if any, for the constitutional challenges to the DUS 2d conviction that he seeks to raise in this case is not a federal writ of habeas corpus. Because this court has no subject matter jurisdiction to consider this case, it should not address the merits of challenges raised in the Petition. *See Wilson v. Flaherty*, 689 F.3d at 349 (no merits consideration when petitioner not in custody).

IV.     Recommendation

Accordingly, it is recommended that the Petition for a Writ of Habeas Corpus in this case be dismissed *without prejudice*.

IT IS SO RECOMMENDED.

July 14, 2014                                                                   Kaymani D. West
Florence, South Carolina                                               United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).